**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 11, 2011

No. 10-51234
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDGAR HERMOSILLO-MINOR, also known as Edgar Hermosillo,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-1986-1

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Edgar Hermosillo-Minor appeals the 77-month sentence imposed following his guilty plea conviction for importation of marijuana and possession with intent to distribute marijuana. He argues that his sentence was greater than necessary to meet the sentencing goals in 18 U.S.C. § 3553(a). Hermosillo-Minor asserts that application of the career offender enhancement yielded an advisory guidelines range that overstated the seriousness of his offense and did not properly account for the § 3553(a) factors. He also argues that the sentence fails

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to account for mitigating factors in his personal history and characteristics, particularly his problems with substance abuse.

Hermosillo-Minor does not dispute the calculation of the guidelines range. Rather, he challenges the reasonableness of the sentence imposed. Where the district court imposes a sentence within a properly calculated guidelines range, it is presumptively reasonable. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). Here, the district court considered Hermosillo-Minor's arguments for a lower sentence and made an individualized sentencing decision based on the facts of the case and in light of the § 3553(a) factors. *See Gall v. United States*, 552 U.S. 38, 49-50 (2007). Hermosillo-Minor's sentence is presumed to be reasonable because it was within his guidelines range, and he has not shown sufficient reason for this court to disturb that presumption. *See Cooks*, 589 F.3d at 186. Thus, he has not shown error, plain or otherwise, with respect to the sentence imposed. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 360-61 (5th Cir. 2009).

AFFIRMED.